**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

BMS NATURAL RESOURCE, INC.,

        Plaintiff,

v.                                     CIVIL  ACTION  NO.  3:10-1261

MARTIN COUNTY LAND CO. LLC and
JOHN P BAUGUES, JR.

        Defendants.

**ORDER**

Pending is Defendants' Motion to Dismiss [Doc. 5] and Plaintiff's Motion for Leave to

Amend the Complaint.  [Doc. 9].  For the reasons that follow, the Court **GRANTS** Plaintiff's

Motion for Leave to Amend the Complaint [Doc. 9] and **DENIES** Defendants' Motion to Dismiss.

[Doc. 5].

**BACKGROUND**

BMS Natural Resource, Inc. ("Plaintiff") filed this action on September 22, 2010 in the

Circuit Court of Cabell County, West Virginia against Martin County Land Company, LLC ("Martin

County"), and John P. Baugues, Jr. (collectively, "Defendants"), alleging claims for breach of

contract and fraud relating to a transaction involving the potential purchase or lease of 2,675 acres

of mineral and surface interests in Kanawha County, West Virginia.

On October 27, 2010, Defendants timely removed this action, and filed a Motion to Dismiss

Count Two of Plaintiff's complaint on the grounds that it fails to allege fraud with particularity as

required by Rule 9(b) of the Federal Rules of Civil Procedure. Subsequently, on November 12, 2010, Plaintiff responded by filing a Motion for Leave to Amend the Complaint. Plaintiff's Proposed Amended Complaint was submitted six days later.

## DISCUSSION

### I.     Proposed Amended Complaint

Plaintiff requests leave to amend the original complaint. The court may permit a plaintiff to amend the complaint as a matter of course or "when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2). However, where the "plaintiff has unduly delayed in pursuing the proposed amendment," and the delay is accompanied with futility, prejudice, or bad faith, an opportunity to amend should be denied. *See Smith v. United Parcel Serv., Inc.*, 902 F. Supp. 719, 721 (S.D. W. Va. 1995).

In the proposed amended complaint, Plaintiff adds new factual allegations, as well as claims for punitive damages and statutory civil RICO violations under 18 U.S.C. § 1962. The Court finds no evidence of bad faith or undue delay on Plaintiff's behalf in filing a request to amend the complaint. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint is **GRANTED**.

### II.     Motion to Dismiss

Defendants have filed a motion to dismiss Count Two of Plaintiff's original complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on a motion to dismiss, the factual allegations in the complaint must be taken in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."). However, the complaint must consist of more than mere "labels and conclusions," and contain

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009).

Count Two of the original complaint alleges a claim for fraud.  Under Rule 9(b), plaintiffs

must plead fraud with particularity.  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must

state with particularity the circumstances constituting fraud or mistake.").  While Plaintiff concedes

that Count Two of the original complaint does not state fraud with particularity, it argues that the

Proposed Amended Complaint does.  Defendants contend that the Court should nonetheless grant

the Motion to Dismiss because amendment in this case is futile in light of the fact that the Proposed

Amended Complaint still fails to attain the required pleading level for fraud.

Defendants are correct that the Court may nonetheless grant a motion to dismiss if a

plaintiff's proposed amendment would be futile.  *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir.

2006).  However, the Court believes that Plaintiff's Proposed Amended Complaint sufficiently cures

the defects apparent in the original complaint.[1]

Generally, in order to properly assert a claim for fraud, the plaintiff must plead the following

essential elements:

(1) that the act claimed to be fraudulent was the act of the defendant or induced by him, (2)

---

[1] The Court notes that Plaintiff's Proposed Amended Complaint contains numerous
spelling and grammatical errors.  In addition, Plaintiff styles its claim under Count Two as an
action for justifiable reliance.  As Defendants point out, there is no such claim under West
Virginia law.  Justifiable reliance is merely an element that must be established in order to make
out a prima facie claim for fraud.  *Felman Prods. v. Indus. Risk Insurers*, No. 09-0481, 2010
U.S. Dist. LEXIS 76341, at *10-11 (S.D. W. Va. July 28, 2010).  Nonetheless, like Defendants,
the Court construes Count Two as a fraud claim.

that the act was material and false, (3) that the [plaintiff] justifiably relied upon the defendant's misrepresentations, and (4) that the [plaintiff] suffered actual damage as a result of this reliance.

*Felman*, 2010 U.S. Dist. LEXIS 76341, at *10-11 (citation omitted). Further, under Rule 9(b), the plaintiff must be plead with particularity the time, place, and contents of the misrepresentations, and adequately identify the person responsible for them. *Id.*

From a review of the Proposed Amended Complaint, Plaintiff appears to satisfy Rule 9(b)'s requirements. First, Plaintiff alleges that defendant Mr. Baugues made false representations regarding defendant Martin County's willingness and financial ability to comply with the agency agreement allegedly entered into between Defendants and Plaintiff when in fact it would not do as much. Plaintiff specifies that these representations took place at a restaurant in Elkview, West Virginia sometime before September 21, 2009. In addition, Plaintiff alleges that the representations were made numerous times thereafter at other meetings. Finally, the Proposed Amended Complaint adequately identifies Mr. Baugues as the person who made the alleged misrepresentations. The Court believes that the foregoing adequately details the time, place, and contents of the alleged misrepresentations, and gives Defendants awareness of the "particular circumstances" for which they will have to prepare a defense for trial. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) ("A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts.").

Defendants also contend that Plaintiff's claim for fraud fails because it depends on the falsity of Mr. Baugues's misrepresentations as to the ability of Martin County and other potential investors

to lease or purchase the 2,675 acres of mineral and surface interests.  Because Defendants allegedly went forward in signing the noted lease, they contend that Plaintiff simply cannot establish that the representations were false.  As apparent from the above discussion, Defendants misconstrue Plaintiff's allegations.

In Count Two of the Proposed Amended Complaint, Plaintiff claims—albeit inartfully—that Mr. Baugues made misrepresentations as to his and Martin County's ability to comply with the alleged agency agreement.  At the motion to dismiss stage, the Court must take factual allegations in the light most favorable to the plaintiff.  And Plaintiff here alleges that Defendants (1) failed to pay Plaintiff money it was owed under the agreement but (2) made numerous misrepresentations that they would pay.  In other words, it is of no moment that the underlying transaction may have actually been completed; Plaintiff still contends that Defendants misrepresented their ability and willingness to adequately compensate Plaintiff under their agreement.

Finally, Defendants claim that W. Va. Code § 55-1-1 bars Plaintiff's fraud claim.  Section 55-1-1 provides pertinently:

> No action shall be brought . . .  (a) To charge any person upon or by reason of a representation or assurance concerning the character, conduct, credit, ability, trade, or dealings of another, to the intent or purpose that such other may obtain thereby credit, money, or goods . . . [u]nless the offer, promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby or his agent.

W. Va. Code § 55-1-1(a).  Defendants contend that the Proposed Amended Complaint does not allege that the representations of Mr. Baugues regarding the ability of Martin County and its related investors to complete the underlying transaction were in writing as required by section 55-1-1. Section 55-1-1 is not applicable, however, where the plaintiff could offer other evidence independent of the misrepresentations which substantially confirms the alleged fraud.  *See Brock & Davis Co.*

*v. Charleston Nat'l Bank*, 443 F. Supp. 1175, 1180 (S.D. W. Va. 1977). The Court simply cannot conclude that Plaintiff's allegations are insufficient in that regard. Plaintiff has made allegations that Mr. Baugues misrepresented material facts regarding Martin County's ability to faithfully comply with its obligations under the alleged agency agreement. Mr. Baugues was the President of Martin County, and like his company stood to benefit from the underlying transaction with Plaintiff. In the event that Plaintiff ultimately fails to offer evidence establishing the latter facts, Defendants may file a motion for summary judgment at the appropriate time. However, Plaintiff has met its burden under Rule 12(b)(6) at this point in the proceedings.

The Court accordingly **DENIES** Defendants' Motion to Dismiss as moot.

**CONCLUSION**

For the aforementioned reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend the Complaint [Doc. 9] and **DENIES WITHOUT PREJUDICE** Defendants' Motion to Dismiss. [Doc. 5].

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        December 6, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE